UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HORREZ TAWANA PLATER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, *et al*.,<br><br>Defendants. | Case No. 23-10440<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
MOTIONS TO DISMISS THE CITY OF DETROIT
AND TO SET ASIDE DEFAULT
(ECF NOS. 17, 36)**

**A.**

In her amended complaint, Plaintiff Horrez Tawana Plater sues the city of Detroit, and Officers Max Zahringer and Ashu Anderson, claiming that the officers detained her without probable cause and transported her to Detroit Team Wellness Center.  ECF No. 12.  The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  The city moves to dismiss in lieu of answering the amended complaint, and Anderson moves to set aside default and to quash the alleged service.  ECF No. 17; ECF No. 36.  The

Court **GRANTS** the motions to dismiss and to set aside the default, and will order the Marshal Service to re-serve Anderson.

## B.

The city argues that Plater failed to state a claim against it. The Court agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The city can be liable here only if the challenged conduct occurred under its "official policy" so that the county's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)). A party cannot be liable under § 1983 based on *respondeat superior*. *Monell*, 436 U.S. at 691. "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). Boilerplate, conclusory allegations based on a single incident are not enough to state a plausible claim of

municipal liability.  See *Spainhoward v. White Cty., Tennessee*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019).

Plater's amended complaint states no facts suggesting that the challenged conduct flowed from a policy or custom of the city.  ECF No. 12.  Her response shows that she wrongly believed that the city is "liable for actions of The Detroit Police Acting under Color of Law."  ECF No. 22, PageID.66.  Plater also contends in her response that the city had a policy of not training its officers, but she made no such claim in her complaint.  *Id*.; ECF No. 12.  *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief.").  Besides, her allegation that the city failed to train its officer is too conclusory to state a plausible claim of municipal liability.  *Spainhoward,* 421 F. Supp. 3d at 544.

Thus, the city's motion to dismiss should be granted.

**B.**

Judge Michelson granted Plater's motion to proceed in forma pauperis and to have the U.S. Marshal Service (USMS) serve defendants.  ECF No. 4.  Plater was ordered to complete the service documents.  ECF No. 5.  The service documents for Anderson directed the USMS to serve him at the city's 10th Police Precinct at 12000 Livernois.  ECF No. 16,

PageID.36.  The USMS served Anderson at that precinct by certified mail, but he filed no timely answer, so Plater's motion for default against him was granted.  ECF No. 23; ECF No. 30; ECF No. 31.

After counsel filed an appearance on behalf of Anderson and Zahringer, Anderson moved to set aside the default and to quash service, stating that he was not assigned to the 10th Precinct and that no one assigned to that precinct was authorized to accept service for him there.  ECF No. 36, PageID.106, 114.  Anderson alleges that he is assigned to the Gang Intelligence Unit at 1180 Oakman.

When "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) (cleaned up).  But district courts have discretion to set aside a clerk's entry of default on a showing of good cause.  Rule 55(c).  To determine whether good cause exists, courts consider "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up).  Courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps," and enjoy "considerable

latitude" to set aside a default.  *Id.* at 322 (cleaned up); *see also Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 566 (E.D. Mich. 2017).

The Court finds no evidence that Anderson engaged in culpable conduct, and Plater will not be prejudiced if the default is set aside at this early stage in the litigation.  And Anderson's ability to raise qualified immunity also means that he has a meritorious defense.  "Consistent with our permissive stance in setting aside defaults, a defense is meritorious if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *$22,050.00 U.S. Currency* at 326 (cleaned up).  Since qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law," *Stanton v. Sims*, 571 U.S. 3, 6 (2013), it is possible that the outcome of this suit will favor Anderson.

Thus, the Court's considerable latitude should be used to set aside the default here so that the case can be resolved on the merits.

## C.

The city's motion to dismiss **(ECF No. 17)** and Anderson's motion to set aside the default **(ECF No. 36)** should be **GRANTED.**

Dated: August 7, 2023

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2023.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager