UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORREZ TAWANA PLATER,

    Plaintiff,

v.

CITY OF DETROIT et al.,

    Defendants.

Case No. 23-10440
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER
OVERRULING PLATER'S OBJECTIONS [47],
ADOPTING REPORT AND RECOMMENDATION [45],
GRANTING CITY OF DETROIT'S MOTION TO DISMISS [17], AND
GRANTING ANDERSON'S MOTION TO SET ASIDE DEFAULT [36]**

## I. Background

Horrez Tawana Plater alleges she was detained by Detroit Police Officer Max Zahringer, who ordered her out of her vehicle, handcuffed her, and seized her phone without explanation. (ECF No. 12, PageID.25.) Plater also alleges that Officer Samuel Anderson, Zahringer's supervisor, later arrived at the scene and asked Plater if she remembered threatening to "blow the precinct up," an allegation Plater denied. (*Id.*) The officers then allegedly took Plater to the Detroit Team Wellness Center where she was held overnight. (*Id.*) The next day, Plater attempted to recover her cellphone and her vehicle, which had been towed. (*Id.*) She was able to retrieve her car for $210 but says she was unable to retrieve her cellphone from police. (*Id.*) Twelve days later, on February 21, 2023, she filed a complaint in this Court against both officers and the City of Detroit claiming the officers violated her constitutional rights "to be free

from unreasonable search and seizures, to be free from false arrest, and to be compensated for taking of property." (ECF No. 1, PageID.1.) Plater reasserted these claims in a subsequently filed amended complaint. (ECF No. 12.)

The City promptly filed a motion to dismiss (ECF No. 17), and Anderson moved to set aside the default that had been entered against him and to quash service (ECF No. 36). The Court referred the case to Magistrate Judge Elizabeth A. Stafford for all pretrial matters under 28 U.S.C. § 636(b)(1). (ECF No. 11.) Judge Stafford issued a Report and Recommendation to grant the City's motion to dismiss and Anderson's motion to set aside the default. (ECF No. 45.) Plater has now objected. (ECF No. 47.)

For the reasons that follow, the Court adopts the Recommendation in full.

## II. Standard of Review

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

2

Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the City can be liable only if the challenged conduct occurred under its "official policy" so that the City's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A party cannot be liable under § 1983 based on *respondeat superior*. *Monell*, 436 U.S. at 691. "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013). Boilerplate, conclusory allegations based on a single incident are not enough to state a plausible claim of municipal liability. *See Spainhoward v. White County*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019).

Despite the title of her filing, Plater does not raise any specific objections to the Magistrate Judge's recommendation to set aside the default as to Anderson. Thus, the Court adopts this portion of Judge Stafford's ruling and grants Anderson's motion to set aside the default and quash service.

Plater does object to the recommendation that the City be dismissed. Her objections, however, simply reiterate her arguments from below and do not point to any specific error in the report and recommendation. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does

3

not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). ("[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general.") (quotation omitted).

But even if the Court assumes that Plater properly objected, a review of her claims shows that the magistrate judge's ruling was not erroneous.

### III. Analysis

Plater's objections are geared toward a *Monell* claim. She argues, "The City of Detroit is a necessary party to this suit as it is the employer of the officers in question and has a duty to ensure that its police officials adhere to constitutional standards when faced with potential civil rights violations." (ECF No. 47, PageID.161.) The City, Plater continues, is liable for its "practice of refusing to properly hire and failure to train employees, police officers[,] regarding safeguarding citizens' rights to be free from unlawful search and seizure," and that this improper hiring and failure to train led to her unlawful arrest. (*Id.* at PageID.162.) She further argues that the City had "no policies regarding the custom and practice . . . . of unlawful arrest based on false mental health reports," even though it should have been on notice of the issue because of "criticism for the police department[']s handling of mental illness cases" and prior instances of misconduct (which she does not identify). (*Id.* at PageID.162–163.)

To reiterate, the City cannot be held liable under § 1983 based on *respondeat superior*, that is, merely because of the actions of its employees. *Monell*, 436 U.S. at

4

691. A city may "be found liable under § 1983 only where the municipality *itself* caused the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694–95). This can come from "(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Winkler v. Madison County*, 893 F.3d 877, 901 (6th Cir. 2018).

Plater is focused on the alleged inadequate training of officers in responding to situations involving individuals with mental health issues, including the City's lack of a policy for such training. (*See* ECF No. 47.) A city can be held liable under a theory of failure to train only under "limited circumstances." *City of Canton,* 489 U.S. at 387. Under the failure to train theory, Plater had to plead "(1) a clear and persistent pattern of illegal activity, (2) which the [city] knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the [city's] custom was the cause of the deprivation of [Plater's] constitutional rights." *Siefert v. Hamilton Cty.*, 951 F.3d 753, 767 (6th Cir. 2020).

The Court need not wade too deeply into this analysis. As the Magistrate Judge found, Plater's complaint did not allege that the City failed to properly train its officers. (ECF No. 45, PageID.153.) And raising allegations and making arguments about this in her dispositive motion reply brief did not cure the deficiency. (*Id.* (citing *Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003))).

5

But even considering these allegations that Plater reiterates in her objections as if they had been pled, they are too conclusory to state a plausible claim of municipal liability. *See Spainhoward,* 421 F. Supp. 3d at 544. Construed liberally, Plater's objection claims the City was on notice that the failure to train officers on how to respond to mental health calls would lead to constitutional violations. But the only reason she claims the City was on notice was because it had "faced criticism for the police department[']s handling of mental illness cases" and "[t]here have been instances where . . . [it] ha[s] been accused of lacking proper training and resources." (ECF No. 47, PageID.163.) Plater alleges no specific prior instances of misconduct and "criticism" or "accusations" are not enough to hold the City liable. *See Parker v. City of Highland Park*, 437 F. Supp. 3d 609, 622 (E.D. Mich. 202); *see also Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 573 (6th Cir. 2016) ("To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [City] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."). !

In sum, Plater has not and cannot plead a policy or custom or a failure to train such that the City can be held liable for the officers' actions. So the Magistrate Judge properly found that she has failed to state a claim against the City for any alleged constitutional violations of its officers.

## IV. Conclusion

Accordingly, the Court ADOPTS Magistrate Judge Stafford's recommendations. (ECF No. 45.) The City's motion to dismiss is GRANTED and the

City is DISMISSED from the case. Anderson's motion to set aside default and to quash the alleged service is GRANTED.

SO ORDERED.

Dated: November 14, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE