UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HORREZ PLATER,<br><br>Plaintiff,<br><br>v.<br><br>MAX ZAHRINGER, et al.,<br><br>Defendants. | Case No. 23-10440<br>Honorable Susan K. DeClercq<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ABOUT DISCOVERY MOTIONS (ECF NOS. 78, 79, 81)**

Both parties claim that they did not receive responses to interrogatories and discovery requests.  ECF No. 78; ECF No. 79; ECF No. 81.[1]  Plaintiff Tawana Plater moves for a show cause hearing, stating that Defendants Max Zahringer and Samuel Anderson did not answer her interrogatories that were due in April 2024, and that she received notice of a deposition less than 24 hours before it was scheduled.  ECF No. 78, PageID.284; ECF No. 79, PageID.290-291.  And defendants move to compel discovery answers from Plater, order her to appear for a deposition,

---

[1] The Honorable Susan K. DeClercq referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 75.

and extend the dispositive motion deadline. ECF No. 81, PageID.296- 297. The Court will address each motion in turn.

### A.

First, defendants' motion to compel is untimely, as it was filed on June 21, 2024. ECF No. 81. Discovery closed in early June 2024. ECF No. 57. And the scheduling order warned, "Unless good cause is shown, the Court will not entertain motions to compel that are filed after the discovery cutoff." *Id.*, PageID.204. That order aligns with a district court's discretion to deny discovery motions filed after the discovery deadline. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (collecting cases in which "courts have denied discovery motions filed after the close of discovery" and "[r]eviewing courts have also affirmed the denial of untimely motions to compel"). Defendants did not explain the late filing. Nor did they provide good cause for waiting weeks after Plater failed to appear for the deposition to move to extend the dispositive motions deadline. Because defendants have not shown good cause excusing the late motion, their motion to compel (ECF No. 81) is **DENIED**.

### B.

The Court turns to Plater's motions. Under Federal Rule of Civil Procedure 33, a party must respond or object to discovery requests within

30 days of being served. Fed. R. Civ. P. 33(b)(2). "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) (cleaned up). But courts "have the discretion to relieve a party of its waiver if it finds that circumstances warrant such relief*.*" *Biondi v. Jaguar Land Rover N. Am.*, LLC, No. 1:23-CV-297, 2023 WL 5822415, at *3 (N.D. Ohio Aug. 21, 2023). When exercising that discretion, courts "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Caldwell v. 9173-7999 Québec, Inc.*, 2019 WL 6907349, at *2 (E.D. Mich. Dec. 19, 2019) (cleaned up).

The Court will not exercise its discretion to relieve defendants of their waiver. Plater says that she served defendants with her interrogatories on March 20, 2024, but they failed to respond by the April 21 deadline. ECF No. 78, PageID.284; ECF No. 79, PageID.290-291. Defendants admit to answering the discovery requests on June 21, which was two months after they were due. ECF No. 82-1, PageID.365-366. Defendants do not address why their objections were so late or even acknowledge their

3

tardiness under the discovery rules.  These circumstances do not excuse defendants' tardy objections.  *See Caldwell*, 2019 WL 6907349, at *2.

And defendants' two-month delay was prejudicial.  *See id.* ("Some degree of prejudice is inherent in any significant delay of information that might lead to further relevant discovery." (cleaned up)).  Defendants' late answers left no time to pursue further discovery before the discovery deadline and were served only two weeks before the dispositive motion cutoff.  *See* ECF No. 57.

In assessing facial propriety, "courts have an independent duty to confirm that the request is relevant to the subject matter involved in the action."  *Caldwell*, 2019 WL 6907349, at *2 (cleaned up).  Plater's interrogatories appear relevant to the Fourth Amendment and false arrest claims alleged in her amended complaint.  ECF No. 78, PageID.286-288; *see* ECF No. 12.  And defendants did not argue otherwise or show that the requests lack facial propriety.

Nor have defendants shown that they made proper objections that this Court should credit.  They filed only the signature page of their response, which shows a "without waiving" objection.  ECF No. 82-1, PageID.365.  "[A] party cannot cloak its answers in without-waiving objections."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No.

4

5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015). Because defendants did not include all their answers to the discovery requests, the Court cannot assess whether they relied on invalid objections to evade providing full answers to the requests.

For these reasons, the Court finds that defendants waived their objections.  The Court thus **GRANTS** Plater's motions to compel discovery answers (ECF Nos. 78 & 79) and **ORDERS** defendants to provide complete answers—with no objections—to Plater's discovery requests by **July 17, 2024**.  The Court warns defendants that further violations of the rules of discovery or court orders will result in sanctions that may include the entry of a default judgment against defendants.

**IT IS ORDERED.**

Dated: July 3, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 3, 2024.

                                                   s/Donald Peruski
                                                   DONALD PERUSKI
                                                   Case Manager