UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORREZ TAWANA PLATER,

                  Plaintiff,                Case No. 2:23-cv-10440

v.                                  Honorable Susan K. DeClercq
                                  United States District Judge

MAX ZAHRINGER, and
SAMUEL ANDERSON,            Honorable Elizabeth A. Stafford
                                  United States Magistrate Judge

                  Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF'S MOTION TO AMEND, AND (5) DISMISSING CASE WITH PREJUDICE**

      This matter is before this Court upon Plaintiff's objection, ECF No. 101, to

the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 99. Under

28 U.S.C. § 636(b)(1) and Civil Rule 72(b)(3), this Court has reviewed *de novo* those

portions of the R&R to which Plaintiff has objected. Because substantial evidence

supports all findings and conclusions in the R&R and the Magistrate Judge did not

err, Plaintiff's objections will be overruled, the R&R will be adopted, Defendants'

Motion for Summary Judgment will be granted, Plaintiff's Motion to Amend will be

denied, and the case will be dismissed with prejudice. A hearing is not necessary.

E.D. Mich. LR 7.1(f)(2).

- 1 -

# I. BACKGROUND

In this § 1983 case, Plaintiff Horrez Tawana Plater alleges that Defendants Max Zahringer and Samuel Anderson—both Detroit Police Officers—violated her Fourth Amendment rights when they detained and handcuffed her and then took her to a mental health crisis center for being suspected of threatening to "blow up" police headquarters. ECF No. 12.

In July 2024, Defendants filed a motion for summary judgment, ECF No. 87, Plaintiff responded, ECF No. 97, and Defendants replied, ECF No. 98. After the motion for summary judgment was filed, Plaintiff filed a motion for leave to amend her complaint to add new defendants and claims. ECF No. 89. Defendants responded, ECF No. 93, and Plaintiff replied, ECF No. 96.

On November 13, 2024, Magistrate Judge Elizabeth A. Stafford issued a report recommending that Defendants' Motion for Summary Judgment be granted, Plaintiff's Motion to Amend be denied, and the case be dismissed. ECF No. 99.

Now before this Court are Plaintiff's Objections to Judge Stafford's report. ECF No. 101. Judge Stafford provided both parties 14 days to object, but only Plaintiff did so. Therefore, Defendants have forfeited their rights to appeal Judge Stafford's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Defendants instead filed a Response to Plaintiff's objections, ECF No. 102.

## II. STANDARDS OF REVIEW

### A. Report and Recommendation Review

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

The district court, however, "need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint

those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up).

## B. Motion for Summary Judgment

To survive a motion for summary judgment the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of "identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The nonmovant must show more than "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the "mere existence of a scintilla of evidence" in support of the nonmovant does not establish a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252.

The court must review the evidence and draw all reasonable inferences in favor of the nonmovant to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52; *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## C. Motion for Leave to Amend

Under Civil Rule 15(a), leave to amend should be freely given "when justice so requires." But the party seeking leave must "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299, 306 (6th Cir. 2000) (cleaned up). Thus, "a motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (emphasis omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. ANALYSIS

Plaintiff lodged 17 objections to Judge Stafford's R&R. This Court conducted a *de novo* review of the case,[1] and will address each of Plaintiff's objections in relevant groupings below.

---

[1] This Court has reviewed Plaintiff's Complaint, ECF No. 1; Plaintiff's First Amended Complaint, ECF No. 12; Defendants' Answers, ECF No. 43, 50; Defendants' Motion for Summary Judgment, ECF No. 87; Plaintiff's Response to Defendants' Motion for Summary Judgment, ECF No. 97; Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, ECF No. 98; Plaintiff's Motion to Amend, ECF No. 89; Defendants' Response to Plaintiff's Motion to Amend, ECF No. 93; Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Amend, ECF No. 96; Judge Stafford's R&R to Grant

- 5 -

## A. Objection 1

Plaintiff first argues that summary judgment is not warranted because this case "contains a PLETHORA of genuine issues of material fact" and summarizes numerous cases that she believes "mirror[]" her case. ECF No. 101 at PageID.751–55. However, Plaintiff fails to identify any *material* fact that she believes is in dispute, which is not surprising since virtually the entire encounter was captured on Defendants' body-worn cameras. Although Plaintiff argues that she did not actually threaten to blow up the police headquarters, this dispute is immaterial because it is undisputed that the officers were informed that Plaintiff was *suspected* of making such a threat, and their stop was part of an investigation into this potential threat.

Moreover, the R&R recognizes that the principal issue in this case is not that there are factual disputes about what happened during this encounter, but whether the undisputed actions of the defendant police officers were objectively reasonable and deserving of qualified immunity under the circumstances. Judge Stafford meticulously analyzed each aspect of the encounter and correctly determined that Defendants are entitled to qualified immunity and summary judgment in their favor. Thus, this objection will be overruled.

---

Defendants' Motion for Summary Judgment and Deny Plaintiff's Motion to Amend, ECF No. 99, Plaintiff's Objections, ECF No. 101, Defendants' Response to Plaintiff's Objections, ECF No. 102, and all other applicable filings and law.

## B. Objections 2, 3, 4, and 11

Plaintiff's objection numbers 2, 3, 4, and 11, are essentially that she did not threaten to bomb a police station. *See* ECF No. 101 at PageID.757–66, 795–800. But even if it is true that Plaintiff made no such threats, it is undisputed that the officers were informed at the scene that Plaintiff *was* suspected of making such threats, which certainly impacts the analysis of whether their decisions and actions during the stop were reasonable. Thus, Judge Stafford correctly considered these facts known to the Defendants at the time of the stop in analyzing whether the Defendants were entitled to qualified immunity. *See* ECF No. 99 at PageID.722–38. In addition, Plaintiff's allegations about Defendants' involvement in other cases is irrelevant. Thus, these objections will be overruled.

## C. Objection 5

Plaintiff's fifth objection—that she should be allowed to again amend her complaint because her attorney has a disability—is specious. *See* ECF No. 101 at PageID.767–73. Plaintiff's motion to amend was not based on her attorney's need for an accommodation; it was argued to be necessary because of "newly discovered" evidence. *See* ECF No. 89. This disability issue was raised for the first time only in objection to the R&R and so is waived. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). Moreover, Judge Stafford's substantive determination that the "new" evidence did not warrant an amendment was not clearly erroneous, given that

Defendants had stated that they produced the video to Plaintiff in February 2024, and even Plaintiff admits that she "may have had the video footage" prior to her motion, ECF No. 96, PageID.577. Thus, this objection will be overruled.

### D. Objections 6, 7, 8, 9, and 10

Objection numbers 6–10 all involve various arguments about why Plaintiff should be allowed to again amend her complaint. ECF No. 101 at PageID.773–95. Although listed separately, Plaintiff's arguments all boil down to her contention that discovery should have been extended and that if it had been, the delay in amending her complaint would not have prejudiced the Defendants.

The decision to grant or deny leave is within the Court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Leave may be denied for reasons such as "delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Here, Judge Stafford's reasons for recommending denial of Plaintiff's motion for leave to amend her complaint for the second time were sound. It is undisputed that discovery had ended and Plaintiff's attorney could have moved to extend discovery or to amend the complaint *before* Defendants filed for summary judgment. But Plaintiff did neither. It is also undisputed that Plaintiff had already amended her complaint once and

Plaintiff's proposed second amendment would have added new parties to the case—more than a year after the case had been filed. This delay in filing, failure to cure deficiencies previously, and the undue prejudice to the opposing party if new parties were to be added, are all sufficient bases to deny Plaintiff's motion for leave to amend the complaint and therefore these objections will be overruled.

### E. Objection 12

Plaintiff's twelfth objection argues that Defendants' use of handcuffs during their stop of Plaintiff was unreasonable. ECF No. 101 at PageID.800–02. The R&R found that the scope of the stop was reasonable but did not specifically address the use of handcuffs. *See* ECF No. 99, PageID.730. This is understandable because Plaintiff did not raise the issue at summary judgment in her response. *See generally* ECF No. 97. Because this again is an issue raised for the first time in an objection to the R&R, this issue is deemed waived. *See Murr*, 200 F.3d at 902 n.1. But in any event, "the use of handcuffs [does not] exceed the bounds of a *Terry* stop [if] the circumstances warrant that precaution." *Houston v. Clark Cnty. Sheriff Deputy John Does 1-5*, 174 F.3d 809, 815 (6th Cir. 1999). Given that Plaintiff was stopped due to a suspected bomb threat, the officers were told that she had a history of threatening police, and she was in a police car without a protective barrier, it was not unreasonable that Plaintiff was handcuffed while the Defendants detained her. Thus, this objection will be overruled.

### F.  Objections 13 and 14

Plaintiff's objections 13 and 14 consist merely of section titles and are not supported with any substantive argument or discussion. These types of objections, which are raised "in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 2001); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (holding if a party raises "vague, general, or conclusory objections," the court may treat them as "tantamount to a complete failure to object"). Thus, these objections will be overruled.

### G. Objections 15 and 16

Plaintiff's objections 15 and 16 take issue with  Dr. Hanozy, the Team Wellness doctor who performed a mental health evaluation of Plaintiff. ECF No. 101 at PageID.803–03. However, Dr. Hanozy is not a party to this case, nor is his evaluation (or alleged lack thereof) a basis for anything in the R&R. *See generally* ECF No. 99. Thus, any such allegations or alleged disputes about his conduct or credentials, are irrelevant and these objections will be overruled.

### H. Objection 17

Plaintiff's final objection is that the magistrate judge erred in finding that the Defendants' temporary seizure of her cell phone was lawful. ECF No. 101 at PageID.804. In support, she states simply that "Plaintiff has already addressed this

issue presented the analysis in the previous above." *Id.* But upon review, there is no specific analysis of the seizure of the cell phone in Plaintiff's prior objections. *See generally* ECF No. 101. Accordingly, this issue is deemed waived as "perfunctory," *Elder*, 90 F.3d at 1118, and "vague, general, or conclusory," *Cole*, 7 F. App'x at 356. Moreover, Judge Stafford's reasoning on this issue is not clearly erroneous. Thus, this objection will be overruled.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 101, are **OVERRULED**.

Further, it is **ORDERED** that:

1.  The Magistrate Judge's Report and Recommendation, ECF No. 99, is **ADOPTED**;

2.  Defendant's Motion for Summary Judgment, ECF No. 87, is **GRANTED**;

2.  Plaintiff's Motion to Amend, ECF No. 89, is **DENIED**; and

4.  Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

> */s/ Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: March 19, 2025

- 11 -